UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENNZOIL-QUAKER STATE CO.,

  Plaintiff,

v.

USA LUBE, INC., et al.,

  Defendants.
               /

Case No. 09-cv-13650

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT & RECOMMENDATION**
(docket no. 27)**, GRANTING IN PART AND DENYING IN PART
PENNZOIL-QUAKER STATE'S REQUEST FOR DAMAGES**
(docket no. 22)**, AND REINSTATING CERTAIN DEFENDANTS**

  Pennzoil-Quaker State Company ("PQS") originally filed this Lanham Act claim against several companies using "Pennzoil" marks without appropriate authorization -- a holding company, and its owners Ali A. Karnib and Fawzi Mourtada, in 2009. Defendants never answered the complaint or opposed the action, and the Court entered a default judgment on June 21, 2010. Order, June 21, 2010, ECF No. 22. The Court asked the magistrate judge to make a determination on the matter of damages on August 31, 2010. The case was reassigned to this judicial officer pursuant to Administrative Order 10-AO-037 on December 22, 2010.

  In a Report and Recommendation ("Report") issued on June 6, 2011, the magistrate judge recommended lost profits damages of $299,500, plus pre- and post-judgment interest, based on oil change proceeds PQS lost during the period of infringement. She also denied PQS's request for attorney's fees for failure to provide sufficient information on

which to base such an award.  The Court will adopt the Report and enter a judgment in accordance with its recommendations. [1]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative  See *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Neither Defendants nor PQS filed objections to the Report.  Therefore, no de novo review of the motions is required.  Having reviewed the Report's analysis, in light of the record developed in this case, the Court finds that the Report's conclusions are factually based and legally sound.  Accordingly, it will adopt the Report's findings.

**WHEREFORE**, it is hereby **ORDERED** that the Report (docket no. 27) is **ADOPTED**, and PQS's request for damages (docket no. 22) is **GRANTED IN PART AND DENIED IN PART**.  An appropriate judgment against US Lube, Inc., and Waterford's Lube, Inc., in the

---

[1] The magistrate judge suggested that the Court rescind its text-only order of June 21, 2010, which erroneously terminated several Defendants from the case.  The Court will rescind that order as to all affected Defendants, with the exception of Ali Karnib, who recently filed for bankruptcy and is now protected by the automatic stay.  *See* 11 U.S.C. § 362.  That leaves US Lube, Inc. and Waterford's Lube, Inc. answerable to the Court's judgment.

amount of $299,500.00, with pre- and post- judgment interest, will issue in conjunction with this Order.

**IT IS FURTHER ORDERED** that the Court's "text only" order of June 21, 2010, is **RESCINDED**, in accordance with the magistrate judge's recommendation.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 29, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2011, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager